UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZECOTEK IMAGING SYSTEMS PTE LTD., et al., | ) ) ) ) | CASE NO. 5:12-cv-1533 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., et al., | ) ) ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendants' motion for leave to amend answers, affirmative defenses, and counterclaims (Doc. No. 168) and accompanying brief in support. (Doc. No. 169.) Plaintiffs have filed a response (Doc. No. 180), and defendants have filed a reply. (Doc. No. 186.) For the reasons set forth below, defendants' motion is granted in part and denied in part.

### I. Factual and Procedural Background

In their amended complaint, plaintiffs ("Zecotek") assert infringement of their patent, United States Patent No. 7,132,060 ("the patent"), against defendant Saint-Gobain Ceramics and Plastics, Inc. ("Saint-Gobain") and defendants Philips Healthcare Informatics, Inc. dba Philips Healthcare and Philips Medical Systems (Cleveland), Inc. ("Philips") (collectively, "defendants"). Specifically, Zecotek alleges that Saint-Gobain "designs, makes, markets, uses, imports, offers for sale, and/or sells" crystals that infringe Zecotek's patent, while Philips uses

Saint-Gobain's infringing crystals in Philips' Positron Emission Tomography scanners ("PET scanners"). (Doc. No. 36 at 206.) Both defendants answered and counterclaimed. (Doc. Nos. 44, 48), and plaintiffs filed an answer to Philips' counterclaim. (Doc. No. 49.)

Upon request of counsel, the Court conducted a status conference on December 10, 2013. (Minutes, Dec. 11, 2013.) During the status conference, counsel for defendants informed the Court that defendants would seek leave to file an amended counterclaim. Counsel for plaintiffs represented to the Court that plaintiffs would oppose the amendment. The Court instructed counsel for defendants to file their motion for leave to amend before the status conference set for February 6, 2014.

Defendants filed their motion for leave to amend answers, affirmative defenses, and counterclaims on December 17, 2013. (Doc. No. 168.) Defendants seek to add the affirmative defense of patent unenforceability due to inequitable conduct, a declaratory judgment claim for patent unenforceability due to inequitable conduct, a counterclaim for spoliation, and a counterclaim for defamation.[1]

Defendants claim that Zecotek perpetrated fraud on the United States Patent and Trademark Office (PTO) by "falsely claim[ing] small entity status with the PTO in order to pay the reduced fees afforded to such an entity[,]" when Zecotek knew it was ineligible for small entity status due to its license agreement with Northrop Grumman, the defense contractor behemoth. (Doc. No. 169 at 2491.) As defendants assert through their proposed affirmative defenses and declaratory judgment counterclaims, this fraud renders the Zecotek patent

---

[1] Saint-Gobain seeks to add all the described defenses and counterclaims. The Philips defendants seek only to add a counterclaim and affirmative defense for patent unenforceability due to inequitable conduct and a counterclaim for spoliation. (*Compare* Doc. No. 169-1 *with* Doc. No. 169-2.)

2

unenforceable.

Defendants further claim that Zecotek, who "knew at least as early as 2007 that it was contemplating" a lawsuit, "made no attempt for at least *five years* – from 2007 [until] the time it filed suit in 2012 – to preserve critical evidence regarding the claims and defenses asserted in this long-anticipated suit." (Doc. No. 169 at 2492.) This failure to preserve, defendants claim, gives rise to counterclaims for spoliation.

Finally, Saint-Gobain claims that "Zecotek has wrongfully used the excuse of its purported infringement claims against Saint-Gobain to disparage Saint-Gobain to its customers and the broader public." (Doc. No. 169 at 2491.) In its proposed counterclaim, Saint-Gobain details three allegedly defamatory statements: (1) 2007 correspondence between Zecotek's counsel and a Saint-Gobain customer; (2) statements made by Zecotek's chief financial officer that appeared in an article published online on June 11, 2013; and (3) statements made by Zecotek's chief financial officer that appeared in articles published online in 2012. (Doc. No. 169-1 at 1513-15.) Saint-Gobain claims that each statement is false, unprivileged, and defamatory *per se*.

Plaintiffs oppose each proposed affirmative defense and counterclaim, arguing that each fails as a matter of law. (Doc. No. 180 at 2579.) Plaintiffs argue that defendants have not properly alleged the elements of inequitable conduct, and, moreover, the facts giving rise to the claim do not "constitute inequitable conduct under recent Federal Circuit authority." (*Id*. at 2580.) Plaintiffs further argue that Ohio law does not permit defendants to assert a counterclaim for spoliation because spoliation claims are limited to plaintiffs. (*Id*. at 2579.) Finally, plaintiffs assert that Saint-Gobain's defamation claim fails as a matter of law because the statute has limitations has run on two of the three alleged defamatory statements and the third statement was

3

made by an online commenter expressing an opinion, not a fact. (*Id*. at 2580.)

## II. Law and Analysis

### A. Rule 15(a)(2) Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the defendants' motion. It provides, in relevant part, that the Court should "freely give leave" to amend pleadings "when justice so requires."[2] "To determine when to grant leave to amend, courts consider the '[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment.'" *Dragomier v. Local 1112 Int'l Union United Auto. Aerospace & Agric. Implement Workers of Am.*, No. 4:11-cv-862, 2013 WL 6180834, at *1 (N.D. Ohio Nov. 25, 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Courts should freely give leave to amend in the absence of any of the above factors. *Foman*, 371 U.S. at 182. When filed "at a late stage in the litigation," however, a motion for leave to amend carries "an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citation omitted).

Plaintiffs primarily limit their arguments in opposition to the motion to futility. A futile claim, for purposes of a Rule 15(a)(2) motion, would not withstand a Rule 12(b)(6) motion to dismiss. This Court has previously stated that "a court need make only a minimal assessment of the merits of any proposed new claims[.]" *Fred Martin Motor Co. v. Crain Commc'ns, Inc.*, No. 5:12-cv-1479, 2013 WL 626499, at *2 (N.D. Ohio Feb. 20, 2013) (citations omitted)

---

[2] Ordinarily, Rule 15 is augmented by Rule 16, requiring parties seeking leave to amend after a court's cutoff date for amending the pleadings to show "good cause." *Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541 (6th Cir. 2012). The Court has not yet set a deadline for amending the pleadings, so this heightened standard does not apply.

"Namely, it must conclude that the proposed claims are not 'clearly futile' due to facial lack of merit, frivolousness, lack of jurisdiction, or other obvious legal defect." *Id.* (citations omitted.)

B. Analysis of the Factors

Plaintiffs do not allege lack of notice or bad faith, nor is there any evidence thereof. Defendants have not filed any previous motions for leave to amend, rendering inapplicable the repeated failure to cure deficiencies factor. Also inapplicable is the undue prejudice factor, given that no date has yet been set for completion of discovery. Plaintiffs argue that defendants have substantially delayed in asserting the inequitable conduct affirmative defense and counterclaim (Doc. No. 180 at 2591); however, the Court does not find, given the slow progress of discovery in this case, any undue delay. Finally, plaintiffs assert that each proposed defense and counterclaim is futile, and the Court shall address each in turn, noting first that all other factors point in favor of granting defendants leave to amend.

1. Inequitable Conduct

Pursuant to Federal Circuit precedent, "[a] charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss only if the plaintiff's complaint recites facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011). Defendants' proposed defenses and counterclaims recite the following facts: (1) a specific individual, Thomas Loop, (2) knew of invalidating information, Zecotek's license agreement with Northrop Grumman, (3) but withheld that information from the PTO in claiming small entity status (4) with the intent to deceive the PTO. The Court finds that defendants have properly pled each element of the claim, and, construing the facts in the light most favorable to

5

the defendants, the claim does not facially lack merit or suffer from an obvious legal defect. At this stage, the Court finds that the claim is not futile.

  2.  Spoliation

Under Ohio law, a spoliation claim contains the following elements: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts[.]" *Smith v. Howard Johnson Co.*, 67 Ohio St. 3d 28, 29, 615 N.E.2d 1037, 1038 (1993). Plaintiffs have provided an unreported case from this district in which the court concluded that "a defendant to an underlying action cannot maintain a claim for spoliation of evidence." *Reliance Ins. Co. v. Keybank U.S.A., Nat'l Ass'n*, No. 1:01 CV 62, at 4 (N.D. Ohio Aug. 25, 2005). Defendants, in turn, have supplied cases in which defendants have filed counterclaims for spoliation. *See, e.g.*, *Elevators Mut. Ins. Co. v. J. Patrick O'Flaherty's, Inc.*, 125 Ohio St. 3d 362, 363, 928 N.E.2d 685 (2010) ("The defendants filed a counterclaim for breach of contract, bad faith, fraud, and spoliation of evidence."); *Kelley v. Buckley*, 193 Ohio App. 3d 11, 20, 950 N.E.2d 997 (Ohio Ct. App. 2011) (noting that plaintiff had previously won, as a defendant, "her counterclaims for spoliation of evidence" in a related case). Thus, while Ohio law imposes a *duty* on plaintiffs to preserve evidence, *Hess v. Norfolk S. Ry. Co.*, 153 Ohio App. 3d 565, 575, 795 N.E.2d 91 (Ohio Ct. App. 2003), *rev'd in part by Hess v. Norfolk S. Ry. Co.*, 106 Ohio St. 3d 389, 835 N.E.2d 679 (2005), authority is mixed whether plaintiffs' dereliction of this duty gives rise to a *cause of action*.

The Court notes that though the Ohio Supreme Court's recitation of the elements of spoliation referred to plaintiff's case for spoliation, it also stated that the "claim should be

recognized *between the parties to the primary action*[,]" which does not compel the conclusion that only a plaintiff may assert spoliation. *Smith*, 67 Ohio St. 3d at 29. Given the conflicting authority, the Court determines that the proposed counterclaim is not frivolous or defective on its face. The parties are free to develop these arguments further. Defendants have properly pled each element of spoliation, and the Court does not find that the spoliation claim is futile.

      3.     Defamation

Ohio requires the following elements to establish a defamation claim: (1) a false and defamatory statement concerning another, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either special harm caused by the publication or actionability irrespective of special harm. *Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.*, 81 Ohio App. 3d 591, 601, 611 N.E.2d 955 (1992) (citation omitted). Defamation claims in Ohio have a one-year statute of limitations. Ohio Rev. Code § 2305.11(A).

Under the first element of a defamation claim, Ohio law requires a false statement of fact, rather than an opinion. *Mehta v. Ohio Univ.*, 194 Ohio App. 3d 844, 856, 958 N.E.2d 598 (Ohio Ct. App. 2011). Differentiating fact from opinion is a question of law, centered on whether a reasonable reader would perceive the statement as fact or opinion. *Id*. "[T]he specific language used, whether the statement is verifiable, the general context of the statement, and finally, the broader context in which the statement appeared" must factor into a court's determination whether a statement is fact or opinion. *Vail v. The Plain Dealer Publ'g Co.*, 72 Ohio St. 3d 279, 282, 649 N.E.2d 182 (1995).

Only one of the three alleged statements presents a non-futile basis for a defamation claim. In its proposed counterclaim, Saint-Gobain alleges that an article published

7

online on June 11, 2013 provided as follows:

> In speaking with Zecotek's CFO, Michael Minder, he tells me that the company introduced and shared with Saint-Gobain, their chemical formulas associated with scintillation crystals, planning on selling these crystals to Saint-Gobain who would then in turn sell them to Philips. What Zecotek didn't plan for was Saint-Gobain stealing the generously shared chemical formulas and then leaving Zecotek hanging out to dry with no deal at all and thus they not only willfully stole Zecotek's 'secret sauce,' but willfully infringed upon the patent.

(Doc. No. 169-1 at 2514.) Considering all the factors in the light most favorable to Saint-Gobain, the Court determines that a reasonable reader would conclude that the entire paragraph contains statements of facts transmitted from the chief financial officer of Zecotek to the author of the piece. The use of affirmative, unequivocal language to describe an action—"stealing"—that can be proven or disproven indicates a statement of fact, not opinion. Saint-Gobain thus has properly pled the elements of a defamation claim based on this statement. Saint-Gobain alleges an unprivileged, *per se* defamatory statement of fact made by Zecotek's chief financial officer, published to the author of the online article, a third party who in turn published it to the public, made with knowledge of its falsity or reckless disregard thereof. (*Id.* at 2514-16.) The claim is not facially deficient, and accordingly, is not futile.

Two other statements alleged by Saint-Gobain were made outside the limitations period. (*See* Doc. No. 169-1 at ¶¶ 32, 34.) Defamation claims premised on these statements would not survive a motion to dismiss, and accordingly, are futile.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** defendants' motion for leave to amend. The Court grants Philips leave to file its proposed amended pleading. Philips shall file the amended answer, affirmative defenses, and counterclaim attached to their motion on or before March 10, 2014. The Court denies Saint-

8

Gobain leave to file its proposed amended pleading. Saint-Gobain may instead file an amended answer, affirmative defenses, and counterclaims, in accordance with this order, on or before March 10, 2014.

    **IT IS SO ORDERED**.

Dated: February 28, 2014

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**