UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZECOTEK IMAGING SYSTEMS PTE LTD., | ) ) ) ) | CASE NO. 5:12-cv-1533 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | ORDER AND OPINION |
| SAINT-GOBAIN CERAMICS & PLASTICS, INC., et al., | ) ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendants' motion for reconsideration of the Court's claim construction ruling. (Doc. No. 247.) Plaintiff has filed a response (Doc. No. 253), and defendants have indicated via email that they do not intend to file a reply.

I. Background

Zecotek Imaging Systems Pte Ltd. ("Zecotek") has alleged infringement of its patent, U.S. Patent No. 7,132,060 ("the '060 patent"), by defendants Saint-Gobain Ceramics & Plastics, Philips Healthcare Informatics Inc. dba Philips Healthcare, and Philips Medical Systems Cleveland, Inc. (collectively, "defendants"). After briefing, an informal tutorial, and a claim construction hearing, the Court issued its claim construction ruling on May 13, 2014. (Doc. No. 232.)

The following claim language (Claims 1 and 5) was at the heart of the case: "based on a silicate comprising a lutetium (Lu) and cerium (Ce) characterized in that the composition of the substance [. . .] is represented by the chemical formula[.]" (*Id*. at 3885.)

Plaintiffs urged the following construction: "cerium-activated lutetium oxyorthosilicate represented by the following chemical formula:.." (*Id*.) Defendants' final proposed construction was: "A scintillation substance having a nonstoichiometric congruent composition of the total basic components of lutetium (Lu) and cerium (Ce) [ . . . ]) and silicon (Si) wherein the composition of both the substance and the initial charge have the same chemical formula." (*Id*. at 3885-86.)

The Court identified the "crux" of claim construction: "whether the claim language refers to only the substance, or whether it can also refer to the charge and/or melt." (*Id*. at 3886.) Answering this question, the Court noted: "All clear signs point to the conclusion that Claims 1 and 5 only discuss the final substance, not the charge or the melt." (*Id*.) To support this conclusion, the Court identified several difficulties in the defendants' proposed construction, *e.g.,* it ignored Claims 3 and 4 of the patent, which, unlike Claims 1 and 5, specifically claimed aspects of *both* the charge and melt, and it improperly read ceramics out of the claim language. Accordingly, the Court adopted plaintiff's construction of Claims 1 and 5.

In their motion for reconsideration, defendants ask the Court to determine whether the named inventors of the patent in suit expressly disclaimed from the scope of their patent claims scintillation crystals grown from a stoichiometric melt. (Doc. No. 247 at 4060.) Defendants argue that claim construction is incomplete without an express ruling on the issue of disclaimer.

In opposition, plaintiff argues that defendants have not met the standard for a motion for reconsideration because they have not raised any new arguments. Moreover, plaintiff argues, the Court considered and rejected the disclaimer issue; therefore, plaintiff's motion amounts to no more than re-litigation of an adverse outcome. (Doc. No. 253 at 4145-47.)

II.     Law and Analysis

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. Nonetheless, district courts have "inherent powers to reconsider interlocutory orders and reopen a part of a case before entry of final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Motions for reconsideration are not substitutes for appeals. "The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)). The motion for reconsideration must demonstrate to the Court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior holding. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). A motion for reconsideration that presents no arguments that have not already been raised should be denied.

The Court can identify several different reasons to deny defendants' motion for reconsideration. First, it presents no arguments that have not already been raised and decided. Second, it does not allege a change of controlling law, new evidence or the need to correct a clear error or prevent manifest injustice. Third, while the motion purports only to supplement the Court's claim construction, it is no more than re-litigation of the Court's construction of Claims 1 and 5.[1] Finally, the underlying issue—whether Saint-Gobain's crystals grown from stoichiometric melts infringe the '060 patent—requires application of the construed claim

---

[1] The disclaimer currently sought by defendants does not duplicate the claim construction they initially urged. In their proposed claim construction, defendants sought to limit Claims 1 and 5 to scintillation substances having a "nonstoichiometric congruent composition[.]" (*See* Doc. No. 104 at 1033.) Defendants now seek a ruling that the patent disclaimed crystals grown from stoichiometric melts, but do not seek a ruling or clarification with respect to "congruent composition" language.

language to Saint-Gobain's crystals and should be decided on summary judgment or at trial.

As both plaintiff and defendants note, the parties raised the issue of disclaimer during claim construction as it related to Claims 1 and 5 of the '060 patent. Defendants asked the Court to construe the claim language as follows: "A scintillation substance having a *nonstoichiometric* congruent composition of the total basic components of (lutetium (Lu) and cerium (Ce)[. . .]) and silicon (Si) wherein the composition of both the substance *and the initial charge of the melt* from which it is grown have the same chemical formula . . . ." (Doc. No. 104 at 1033 (emphasis added).)[2] As defendants argued throughout the claim construction process, their construction accounted for the inventors' express disclaimer of crystals having non-congruent compositions and grown from stoichiometric melts. (*See, e.g., id.* at 1034.)

The Court considered construing the claims in light of the disclaimer argued by defendants, *i.e.*, the claim language encompasses only crystals grown from nonstoichiometric melts *because the patent disclaimed crystals grown from stoichiometric melts*, and the Court decided to adopt plaintiff's broader claim construction instead. Therefore, defendants' representation of their motion as an issue "presented but not adjudicated" in claim construction ignores the context in which the Court ruled. In its claim construction, the Court ruled that the claim language "only discuss[es] the final substance, not the charge or the melt." (Doc. No. 232 at 3886.) Moreover, the Court determined that the "addition of the term 'nonstoichiometric' [to the relevant claim language] would needlessly complicate the claims[]" and declined to do so. (*Id.* at 3887.) Defendants have already presented this issue to the Court, and the Court rendered its decision.

---

[2] Defendants later abandoned "of the melt from which it is grown." (Doc. No. 232 at 3886.)

Moreover, defendants offer no basis upon which to reconsider the issue. They identify no change in the law or new evidence. They do not claim the Court made a clear error of law or that the Court must reconsider the claim construction to avoid manifest injustice. In short, defendants have not asserted any basis upon which a court can reconsider an interlocutory order. For that reason alone, the Court denies the motion for reconsideration.

Defendants discussed disclaimer in the context of Claims 1 and 5 of the '060 patent, and those claims were construed. The Court's next step is to compare the properly construed claims to the allegedly infringing Saint-Gobain crystals. *See Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997). It is at this next stage that defendants can argue that a crystal grown from a stoichiometric melt does not infringe the '060 patent.

III. Conclusion

Defendants have already tried and failed to insert "nonstoichiometric melt" language into claim construction. Re-litigating the claim construction, without any new evidence, change in controlling law or other basis for reconsideration, is not permissible. Accordingly, defendants' motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: August 25, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**